## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| **NIDELKA ADAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 3:15-cv-754** |
| | ) | |
| **McDANIEL SERVICES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### DEFENDANT'S MEMORANDUM OF LAW
### IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, McDaniel Services[1] ("McDaniel"), by counsel, submits this Memorandum of Law in Support of its Motion to Dismiss with prejudice the Complaint of Plaintiff, Nidelka Adams ("Adams"), pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

### INTRODUCTION

This Court lacks subject matter jurisdiction to hear Adams' Complaint alleging discrimination and retaliation on the basis of race, national origin, and/or disability because Adams did not commence an action within the ninety (90) day time period set forth in 42 U.S.C. § 2000e-5(f)(1) and has failed to include a claim of retaliation in her charge of discrimination filed with the Equal Employment Opportunity Commission ("EEOC").  In addition, Adams fails to state a claim against McDaniel in her Complaint for which relief can get granted under Title VII of the Civil Rights Act of 1967 ("Title VII") and the American with Disabilities Act of 1990 ("ADA") because she fails to allege that McDaniel is a covered employer pr that her race, national origin, or disability was a motivating factor for an adverse employment action.

---

[1] Adams brought her EEOC charge and this lawsuit using the wrong name for McDaniel.  McDaniel's correct name is "LeRoy M. McDaniel", not "McDaniel Services."  McDaniel does not object to the correction of this misnomer under Rule 15.

## SUMMARY OF MATERIAL FACTUAL ALLEGATIONS[2]

At the pleading stage, a plaintiff must state a plausible claim for relief that raises the right to relief beyond the speculative level. In a conclusory form, Adams asserts that she was subject to discriminatory comments and statements from management based on her race and national origin and had her hours reduced after she began suffering from a disability. (Compl. [Dtk No. 3], ¶ 1).   Stripped of speculation and legal conclusions, the facts as alleged in Adams' Complaint are as follows:

Adams was hired by McDaniel as a caregiver in April, 2013 with the understanding that she would be a full-time employee working one weekend a month.  (Compl., ¶ 4.)  Adams was asked to cover a coworkers' shift on July 11, 2013, but refused due to a conflicting appointment. (Compl., ¶¶ 4-5.)  "Immediately after [Adams' refusal to work a shift for a co-worker on July 11, 2013], the atmosphere at work changed, which subsequently led to [Adams'] dismissal.  "Since that day, everything changed." (Compl., ¶¶ 5-6.)   "ALL THIS BECAUSE I COULD NOT WORK ON JULY 11 FOR Mrs. Cook."  (Compl., ¶ 12.)    After Adams refused to work a coworkers' shift, she suffered a schedule change (Compl., ¶ 6); she was asked to sign a policy related to attendance (Compl., ¶ 8); she did not receive responses to her greetings to co-workers (Compl., ¶¶ 9, 10); her hours were reduced (Compl., ¶ 11); and she was required to work holidays (Compl., ¶15.)  Adams took a leave from work to visit Panama. She returned from her trip and notified McDaniel that she was ready to return to work in mid-November, 2013.  Adams was terminated in November, 2013, with 15 days' notice because she had no chemistry. (Compl., ¶ 20.)

---

[2] Adams' Complaint does not use numbered paragraphs as required by Rule 10(b). To aid the Court, McDaniel has numbered the paragraphs of the Complaint. A numbered version of the Complaint is attached hereto as Exhibit A.

On September 9, 2014, Adams filed a Charge with the EEOC asserting discrimination on the basis of race, national origin, and disability ("Charge"). (*See* Compl. p. 3, Prayer for Relief "I exhausted all avenues in resolving the issues and was dismissed."; *see also* Exhibit B, p. 1.) Adams did not assert a retaliation claim in her Charge.  *See* Exhibit B, p. 1.  Adams received a "Right to Sue letter from the EEOC due to [McDaniel] employing less than the required number of employees." (Compl., p. 3, Prayer for Relief.)   Based on its investigation, the EEOC determined that McDaniel "employs less than the required number of employees or is not otherwise covered by the statute."   (*See* Exhibit C, p. 1.)   Adams filed her Complaint on December 23, 2015.  (Compl., p. 1.)

## STANDARD OF REVIEW

### A.      Federal Rules of Civil Procedure 12(b)(1).

Federal courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A defendant may move, pursuant to Federal Rules of Civil Procedure 12(b)(1), to dismiss an action because the court lacks subject matter jurisdiction to hear and decide the case before it.  The burden of proving subject matter jurisdiction rests upon the party that seeks to invoke the court's authority. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Allen v. College of William & Mary*, 245 F. Supp. 2d 777, 782 (E.D. Va. 2003).   When a defendant presents other defenses in addition to challenging the subject matter jurisdiction of the court, the question of subject matter jurisdiction must be decided first, as it affects the court's very power to hear the case.  *See Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 442 n.4 (4th Cir. 1999).  In considering whether subject matter jurisdiction exists, the court must determine whether the plaintiff's allegations, standing alone and taken as

true, establish jurisdiction and a meritorious cause of action.  *See Dickey v. Greene*, 729 F.2d 957, 958 (4th Cir. 1984).

In ruling upon a 12(b)(1) Motion to Dismiss for lack of subject matter jurisdiction, a court may take judicial notice of matters of public record.  *See Mitchell v. Loven*, 2010 U.S. Dist. LEXIS 91494, at *5 n.2 (W.D.N.C. May 31, 2010) (unpublished).  A court may also consider evidence beyond the pleadings and may weigh conflicting evidence to resolve the dispute.  *See Land v. Dollar*, 330 U.S. 731, 735 (1947).  If the court determines that it lacks subject matter jurisdiction, the case must be dismissed.  *See* Fed. R. Civ. P. 12(h)(3).

## B.     Federal Rules of Civil Procedure 12(b)(6).

Rule 8 of the Federal Rules of Civil Procedure provides that "a pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Federal Rules of Civil Procedure 8(a)(2).  A motion to dismiss filed pursuant to Federal Rules of Civil Procedure 12(b)(6) examines "whether the plaintiff's pleadings have adequately stated facts, which, if proven to be true, would entitle them to relief" requested in the complaint.  *Unus v. Kane*, 565 F.3d 103, 115 (4th Cir. 2009).  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), amplified the standard, noting that, to survive a motion to dismiss, a complaint must contain sufficient factual information to "state a claim for relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  *Twombly* held that Rule 8 of the Federal Rules of Civil Procedure demands that a plaintiff provide more than mere labels and conclusions stating that the plaintiff is entitled to relief.  *Id*. at 555.  Thus, a complaint containing facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id*. at 557.  Rather, a complaint achieves facial plausibility when it contains sufficient factual allegations supporting the reasonable inference

4

that the defendant is liable for the misconduct alleged.  *Id.* at 556; *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

When assessing a motion to dismiss under Federal Rule 12(b)(6), the Court must accept all allegations in the Complaint as true.  *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (citation omitted).  However, the Court "need not accept the [plaintiff's] legal conclusions drawn from the facts," nor need it "accept as true unwarranted inferences, unreasonable conclusions, or arguments."  *Id.*  (*quoting Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)).  Instead, to survive a Rule 12(b)(6) motion, a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level" and must provide "enough facts to state a claim to relief that is plausible on its face."  *Unus*, 565 F.3d at 115-16  (*quoting Robinson v. Am. Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A court is permitted, however, to take judicial notice of pleadings filed in the public record.  *See Papasan v. Allain*, 478 U.S. 265, 269 n.1 (1986).  In addition, the court may consider documents which are considered incorporated by reference into the complaint.  *Robinson v. Ladd Furniture*, 1993 U.S. App. LEXIS 14252, at *8-9 (4th Cir. June 14, 1993) (unpublished).  When a plaintiff fails to attach pertinent documents as part of his complaint, the defendant may attach the document to a motion to dismiss and they may be considered by the Court without converting the motion into one for summary judgment.  *See Phillips v. LCI Int'l, Inc.,* 190 F. 3d 609, 618 (4th Cir. 1999); *Gasner v. County of Dinwiddie*, 162 F.R.D. 280, 282 (E.D Va. 1995).

**ARGUMENT**

McDaniel's Motion to Dismiss is proper because this Court lacks subject matter jurisdiction to hear a Title VII or ADA claim against McDaniel and because Adams fails to state a claim for discrimination for which relief can be granted.

Title VII claims include allegations of employment discrimination based on an individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a) (1). The ADA has adopted the procedural requirements of Title VII.  *See McIntyre-Handy v. APAC Customer Servs.*, 422 F. Supp. 2d 611, 620 (E.D. Va. 2006) (*citing Davis v. Virginia Commonwealth Univ.*, 180 F. 3d 626, 628 n.3 (4th Cir. 1999)). Therefore, all of Adams' race, national origin, disability and retaliation-based discrimination claims are subject to the same jurisdictional bar that prohibits the Court from hearing his case.

**A.     This Case Should be Dismissed Because Adams Has Failed to Exhaust Her Administrative Remedies.**

Adams has failed to exhaust administrative remedies by failing to file suit within the requisite statute of limitations and by failing to assert a retaliation claim in her EEOC charge, depriving this Court of subject matter jurisdiction.

1.      Adams has Failed to Timely File Suit.

"Before filing an employment discrimination claim in federal court, a plaintiff alleging discrimination under Title VII must complete certain jurisdictional prerequisites." *Morse v. Va. Dept. of Corrections*, 2014 U.S. Dist. LEXIS 44756, at *9-10 (E.D. Va. March 31, 2014) (*citing Jones v. Imaginary Images, Inc.*, 2012 U.S. Dist. LEXIS 111682, at *16-17 (E.D. Va. Aug. 8, 2012) (internal citations omitted)).  These prerequisites are:

> (1) the filing of a timely charge of discrimination with the EEOC within 180 days of the occurrence of the alleged discrimination, or 300 days if the plaintiff has instituted proceedings with a state or local agency; (2) the receiving of a statutory

notice of right to sue; and (3) the timely commencement of a lawsuit based on that charge within 90 days of receiving the notice.

*Morse*, 2014 U.S. Dist LEXIS at *9-10 (*citing Jones*, 2012 U.S. Dist. LEXIS at *16-17).

When, however, the actual date of Plaintiff's receipt of the right to sue letter is unknown, courts will presume that receipt is three (3) days after the mailing by the EEOC, thus sometimes giving potential plaintiffs a ninety-three (93) day window to commence an action. *See Morse*, 2014 U.S. Dist. LEXIS at *7 n. 3; (citing *Reid v. Potter*, 2007 U.S. Dist. LEXIS 87050, at *6 (W.D.N.C. Nov. 9, 2007) (*citing* Fed. R. Civ. P. 6(e))).  The filing requirement is strictly construed. *Morse*, 2014 U.S. Dist LEXIS at *10 fn. 5 (*citing Lewis v. Norfolk S. Corp.*, 271 F. Supp. 2d 807, 811 (E.D. Va. 2003); *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652 (4th Cir. 1987) (affirming a dismissal of a suit filed after 91 days as untimely); *Boyce v. Fleet Finance Inc.*, 802 F. Supp. 1404 (E.D. Va. 1992) (dismissing a suit filed after 92 days as untimely)). If the subsequent civil action is not filed within this ninety (90) day window, the jurisdiction of the district court is defeated, and the court must dismiss for lack of subject matter jurisdiction.  *See, e.g., Staton v. Newport News Cablevision (NNCV)*, 769 F.2d 200, 200-01 (4th Cir. 1985).

In this case, Adams completed jurisdictional prerequisites (1) and (2), but failed to timely file any suit within 90 days of receiving her Right to Sue Letter from the EEOC. The EEOC mailed the Right to Sue Letter on August 28, 2014. *See* Exhibit C, p. 1.[3]  To file suit within the required 90 day period, Adams would have had to file suit on or before November 26, 2015.  If the Court presumes that Adams received the Right to Sue Letter on August 31, 2014, suit would

---

[3] Adams refers to and relies on the Charge of Discrimination that she filed with the EEOC and the Right to Sue Letter that she received from the EEOC in her Complaint and asserts that through that Charge she has exhausted her administrative remedies.  (Complaint ¶ 3 and Prayer for Relief).  Adams has placed the contents of the Charge and Right to Sue Letter at issue.  For that reason, the Court may rely on Adams' EEOC Charge and Right to Sue Letter in ruling on McDaniel's Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) without converting this Motion into a Motion for Summary Judgment.  *Phillips*, 190 F. 3d at 618.

have to be filed on or before November 29, 2015. Adams did not file this suit until December 23, 2015 (Compl., at 1), at least 24 days after the deadline, depriving this Court of subject matter jurisdiction over her Charge.

Because Adams did not commence an action within the ninety (90) day time period set forth in 42 U.S.C. § 2000e-5(f)(1), or even within a ninety-three (93) day period, this Court lacks subject matter jurisdiction to hear Adams' Charge alleging discrimination and retaliation on the basis of race, national origin, and/or disability.

2.      Adams has failed to Allege Retaliation in her EEOC Charge.

As stated above, failure to exhaust administrative remedies precludes a federal court from exercising subject matter jurisdiction in the context of Title VII and the ADA. *Edwards v. Murphy-Brown*, *LLC*, 760 F. Supp. 2d 607, 613 (E.D. Va. 2011); *McIntyre-Handy*, 422 F. Suppl 2d at 620. Therefore, to the extent that any of Adams' employment discrimination claims were not raised in her EEOC Charge, but were raised for the first time in this suit, those claims must be dismissed for failure to exhaust administrative remedies. Adams did not allege retaliation in her EEOC charge. *See* Exhibit B, p. 1. To the extent that this Court interprets the Complaint as bringing a retaliation claim against McDaniel, Adams failed to exhaust her administrative remedies as to that claim.

Both failure to exhaust administrative remedies and failure to timely file suit following receipt of a Right to Sue Letter deprive this Court of jurisdiction to hear Adams' Title VII and ADA claims. Therefore, McDaniel respectfully requests that this court Grant its Motion to Dismiss for lack of subject matter jurisdiction under Rule (12)(b)(1).

**B.      Adams Has Failed To State A Claim For Which Relief Can Be Granted.**

If this Court grants McDaniel's Motion to Dismiss for lack of subject matter jurisdiction, it need not address the pleading deficiencies in Adams' Complaint.  Assuming, *arguendo*, that this Court has subject matter jurisdiction, Adams also fails to allege that McDaniel is an employer under Title VII or the ADA and fails to allege that discrimination is a motivating factor for any adverse employment action and therefore fails to state a claim for which relief can be granted.

1.      Adams Fails to Allege that McDaniel is an Employer under Title VII or ADA.

Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq*., and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq*., apply only to employers who employ 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year. 42 U.S.C.S. § 2000e(b); 42 U.S.C.S. § 12111(5)(A); *see also* S*tephens v. Kay Management Co.*, 907 F. Supp. 169, 172 (E.D. Va. 1995).  An employer who employs 14 or fewer individuals is not subject to the requirements of Title VII or the ADA.  *Id*. "[T]he threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief." *Arbaugh v. Y & H Corp*., 546 U.S. 500, 516 (2006).

Adams has failed to allege that McDaniel is a covered employer under either Title VII or the ADA.  Instead, she alleges that the EEOC has dismissed her Charge because McDaniel employs less than the required number of employees. (Compl., ¶ 3; *see also*, Exhibit C, p. 1.) Having failed to allege that McDaniel is a covered employer, Adams has failed to state a claim under Title VII or the ADA against McDaniel, and this matter should be dismissed with prejudice.

2.    Adams Fails to Allege that a Protected Class was the Motivating Factor for Discrimination.

Title VII prohibits an employer from "discriminating against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's" race or national origin. 42 U.S.C. § 2000e-2(a)(1). Similarly, the ADA prohibits discrimination on the basis of disability. 42 U.S.C. § 12101. "Under Title VII, the plaintiff bears the initial burden of proving a prima facie case of discrimination by raising an inference that the defendant acted with discriminatory intent." *Karpel v. Inova Health Sys. Servs.*, 134 F.3d 1222, 1227 (4th Cir. 1998)). A plaintiff can establish this prima facie case by either alleging direct evidence of discrimination or by following the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190-91 (4th Cir. 2010).

Under the first approach, Adams must plead that her race, national origin, and/or disability motivated McDaniel to an adverse employment decision. *See Adams v. Univ. of N. Carolina-Wilmington*, 640 F.3d 550, 558 (4th Cir. 2011); *Hill v. Lockheed Martin Logistics Mgmt.*, 354 F.3d 277, 284 (4th Cir. 2004). Adams can alternatively state a claim under Title VII under the burden shifting analysis of *McDonnell Douglas* by alleging that (1) she is a member of a protected class; (2) she was qualified for her job and her job performance was satisfactory; (3) she suffered an adverse employment action; and (4) similarly situated employees not in the protected class received more favorable treatment. *Adams*, 640 F.3d at 558; *Hill*, 354 F.3d at 284.

Discrimination cases are founded on the idea that a protected characteristic of the plaintiff was a motivating factor for an employer's adverse employment decision. To state a claim for discrimination using direct or circumstantial evidence, Adams must allege that her

race, national origin, and/or disability were motivating factors in an adverse employment decision. *Hill*, 354 F.3d at 284.  However, Adams alleges the opposite. She clearly alleges that a personal conflict that developed because she did not agree to work a co-worker's shift on July 11, 2013 was the motivating factor for alleged unfair treatment. (Compl., ¶¶ 4-12.)  She alleges that "[i]mmediately after [she refused to work a shift for a co-worker on July 11, 2013], the atmosphere at work changed, which subsequently led to [her] dismissal. (Compl., ¶ 5.)   She asserts that "[s]ince that day, everything changed." (Compl., ¶ 6.)  Finally, she recited several examples of what she terms "unfair treatment" and concludes each piece of conduct resulted "…BECAUSE [SHE] COULD NOT WORK ON JULY 11 FOR Mrs. Cook."  (Compl., ¶ 12.)

Adams has failed to plead that her race, national origin or disability motivated any McDaniel employment decision.  The Complaint contains no facts to show that McDaniel was motivated by Adams' race, national origin, or disability.  (*See* Compl.)  Adams offers no factual content to support her legal conclusions that her race, national origin, or disability motivated McDaniel's employment decisions.  (*See, e.g.,* Compl., ¶¶ 4-6, 12.)  Under the burden shifting analysis, Adams fails to allege that she was qualified for her job and her job performance was satisfactory.  (Compl.)  Without factual content, the Court lacks a basis to draw any reasonable inference that McDaniel is liable for the alleged discrimination as required by *Iqbal* and *Twombly*.  Thus, Adams has not raised her right to relief beyond the speculative level, and she has failed to state a claim for discrimination under Title VII or the ADA by alleging direct evidence of discrimination.

Adams has failed to allege that McDaniel is an employer covered under Title VII or the ADA and has failed to allege that discrimination was a motivating factor.  For these reasons, she

fails to state a claim for which relief can be granted, and this Complaint should be dismissed under Rule 12(b)(6).

## CONCLUSION

Adams has failed to exhaust her administrative remedies, therefore the Court lacks subject matter jurisdiction to hear the claim brought pursuant to Title VII or the ADA.   In addition, Adams fails to state any claim against McDaniel upon which relief can be granted.   For the foregoing reasons, McDaniel respectfully requests that the Court grant its Motion to Dismiss and dismiss all claims against it with prejudice.

Dated:  <u>January 19, 2016</u>

Respectfully submitted,

McDANIEL SERVICES

_____/s/_____
Mary Elizabeth Davis (VSB No. 41908)
E-mail:  mdavis@spottsfain.com
Elliot P. Fitzgerald (VSB No. 76724)
E-mail:  efitzgerald@spottsfain.com
SPOTTS FAIN PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
(804) 697-2035 (Telephone)
(804) 697-2135 (Facsimile)

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that on January 19, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record, and further certify that I caused a copy of the foregoing and a copy of the NEF to be served, by first class mail, postage prepaid, on the following:

Nidelka Adams
367 Warrenton Road, Suite 114
Fredericksburg, Virginia  22405

*Pro Se Plaintiff*

                                                    _____/s/_____
                                                    Mary Elizabeth Davis (VSB No. 41908)
                                                    E-mail:  mdavis@spottsfain.com
                                                    Elliot P. Fitzgerald (VSB No. 76724)
                                                    E-mail:  efitzgerald@spottsfain.com
                                                    SPOTTS FAIN PC
                                                    411 East Franklin Street, Suite 600
                                                    Richmond, Virginia 23219
                                                    (804) 697-2035 (Telephone)
                                                    (804) 697-2135 (Facsimile)

                                                    *Counsel for Defendant*