IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| NIDELKA ADAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:15cv754–HEH |
| ) | |
| MCDANIEL SERVICES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION
(Granting Motion to Dismiss;
Denying Motion for Extension of Time to File Response)

THIS MATTER is before the Court on Defendant McDaniel Services' ("Defendant") Motion to Dismiss (ECF No. 8), filed on January 19, 2016. This matter is also before the Court on *pro se* Plaintiff Nidelka Adams's ("Plaintiff") Motion for Extension of Time to File Response (ECF No. 12), filed on February 11, 2016. For the reasons set forth below, the Court will grant Defendant's Motion to Dismiss and will deny Plaintiff's Motion for Extension of Time to File Response.

On December 10, 2015, Plaintiff filed her Motion to Proceed *In Forma Pauperis* ("*IFP* Motion") in this Court. On December 23, 2015, the Court granted the *IFP* Motion and directed the Clerk to file her Complaint. In her Complaint, Plaintiff avers that Defendant discriminated against her during her employment and seeks damages pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act of 1990 ("ADA"). Defendant now moves to dismiss Plaintiff's

Complaint for lack of subject matter jurisdiction. (Def.'s Mem. Law Supp. Mot. Dismiss Pl.'s Compl. ("Def.'s Mem.") 6–8, ECF No. 10.)

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S 375, 377 (1994). They possess only such power as is authorized by the Constitution or conferred by statute. *Id.* "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (alteration in original) (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)).

Three prerequisites must exist before a federal court may hear claims for violations of Title VII and the ADA. First, a plaintiff must file an administrative charge with the Equal Employment Opportunity Commission ("EEOC"). *Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005). Second, if the EEOC finds a plaintiff's charge without merit, the EEOC issues to plaintiff a letter notifying plaintiff of her right to sue, commonly referred to as a "right-to-sue letter." *Coleman v. Talbot Cnty. Detention Ctr.*, 242 F. App'x 72, 73 (4th Cir. 2007) (unpublished). Finally, as statute prescribes, a plaintiff must commence a civil action within ninety days of such notice. *See* 42 U.S.C. § 2000-e(f)(1) (Title VII); *id.* § 12117(a) (ADA incorporating procedures set forth in Title VII). Plaintiff filed a charge with the EEOC, and she received a right-to-sue letter. Defendant now moves to dismiss Plaintiff's claims because she failed to file her suit within the statutory period. (Def.'s Mem. 6–8.)

2

On September 9, 2014, Plaintiff filed her charge with the EEOC. (Def.'s Mem., Ex. C, ECF No. 10-3.)[1] On August 28, 2015, after completing its investigation, the EEOC mailed to Plaintiff a right-to-sue letter, notifying Plaintiff that the EEOC was closing its file on her charge. (Def.'s Mem., Ex. B, ECF No. 10-2.) Further, the right-to-sue letter advised Plaintiff that under Title VII and the ADA, she could pursue a lawsuit against Defendant in federal court; however, Plaintiff had to file suit within ninety days of receipt of the notice. (*Id.*)

Courts in the Fourth Circuit presume a plaintiff's receipt occurs three days after the date it was mailed if the receipt date is either unknown or in dispute. *See Panyanouvong v. Vienna Wolftrap Hotel*, 525 F. Supp. 2d 793, 796–97 (E.D. Va. 2007) (collecting cases).[2] Because the date of receipt is unclear, the Court presumes that Plaintiff received her right-to-sue letter on August 31, 2015—three days after the August 28, 2015 mailing date. Ninety days from August 31, 2015, was Sunday, November 29, 2015. Because the Clerk's office was closed that day, the last day for filing extended to Monday, November 30, 2015. *See* Fed. R. Civ. P. 6(a)(3).

---

[1] Defendant moved to dismiss Plaintiff's Complaint on two theories: lack of subject matter jurisdiction and failure to state a claim. (Def.'s Mem. 1.) In support of its arguments, Defendant attached to its memorandum Plaintiff's right-to-sue letter and original EEOC charge. A court may consider documents attached to a motion to dismiss where a plaintiff explicitly relies on those documents in her complaint and she does not challenge the documents' authenticity. *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999). In her Complaint, Plaintiff states the EEOC issued her a right-to-sue letter and she exhausted all "avenues" before bringing this suit. (Compl. 1, 3.) In responding to Defendant's Motion to Dismiss, Plaintiff does not challenge the authenticity of the right-to-sue letter or original EEOC charge. Accordingly, the Court appropriately relies on those documents in disposing of Defendant's subject matter jurisdiction argument.

[2] Those cases discuss the three-day rule in the context of Federal Rule of Civil Procedure 6(e). Due to amendment, subsection (d) now contains the pertinent language. *Stewart v. Johnson*, __ F. Supp. 3d __, 2015 WL 4546225, at *4 & n.7 (M.D.N.C. July 28, 2015).

Plaintiff avers that she dropped her *IFP* Motion in the mail "between November 27th and 28th, 2015." (Resp. Def.'s Mot. Dismiss Compl. and Mot. Extension Time ("Pl.'s Resp.") 1, ECF No. 12.) Plaintiff's *IFP* Motion, however, was not filed until December 10, 2015. (Order, ECF No. 2.) Federal Rule of Civil Procedure 5 dictates that a paper is filed by delivering it to the Clerk. Fed. R. Civ. P. 5(d)(2). Accordingly, although Plaintiff may have mailed her *IFP* Motion before the ninety-day period expired on November 30, 2015, that motion was not filed before the period's expiration.[3]

Plaintiff contends that she received a call from the Clerk's office regarding the exhibits attached to her Complaint "[s]ome time" after she mailed her *IFP* Motion. (Pl.'s Resp. 1.) Other than a vague reference to "[s]ome time" after mailing, Plaintiff does not indicate a specific date on which the Clerk's office called her. Plaintiff simply argues that because her *IFP* Motion was filed on December 10, 2015, "it is evident that [her] Complaint was received by the Court before that time." (*Id.* at 2.) Be that as it may, nothing indicates Plaintiff filed her *IFP* Motion by the November 30, 2015 deadline. In fact, the date stamp shows Plaintiff's *IFP* Motion was filed over ten days after the deadline passed.

"The ninety day notice period is clear evidence that Congress intended to require claimants to act expeditiously, without unnecessary delay." *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987). However, courts in the Fourth Circuit

---

[3] Defendants reference December 23, 2015, as the date that Plaintiff's Complaint was filed and, therefore, the date Plaintiff commenced her action. On December 23, 2015, this Court granted Plaintiff's *IFP* Motion and directed the Clerk to file her Complaint. Whether using December 10 or December 23 as the operative date for determining whether Plaintiff failed to file suit in a timely fashion, each falls well outside of the ninety-day period.

may apply equitable tolling to the statutory period where "reasonable grounds exist" warranting such an action. *Id.* Equitable tolling may be appropriate in cases where a claimant has actively pursued judicial remedies by filing a defective pleading during the statutory period or where an adversary has induced or tricked the claimant into missing the statutory deadline. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Courts are "much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving h[er] legal rights." *Id.* (citing *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)).

Nothing in Plaintiff's filings indicates that she filed a defective pleading within the statutory period or that Defendant engaged in any mischief preventing Plaintiff from meeting the statutory deadline. Plaintiff admits that "around" the time she received her right-to-sue letter, she was represented by counsel. (Pl.'s Resp. 2.) She contends that her lawyer advised her that his firm "would no longer practice in Virginia," and although he promised to refer her to another attorney, he never did so. (*Id.*) Consequently, "[w]hen [she] saw that [she] had to proceed with the case, [she] very quickly prepared the Complaint." (*Id.*) In this case, no reasonable grounds exist warranting the application of equitable tolling to Plaintiff's claims.

Although the Supreme Court has maintained that courts should liberally construe *pro se* pleadings, it has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1980); *see also Weathers v. Ziko*, 113 F. Supp. 3d 830, 833 (M.D.N.C. 2015) ("*Pro se* litigants are entitled to consideration of

5

their non-lawyer status. However, they are not entitled to be relieved of the applicable legal standards, rules of procedure, or deadlines."). "Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vagueسympathy for particular litigants." *Baldwin Cnty. Welcome Ctr.*, 466 U.S. at 152. Here, Plaintiff failed to pursue her suit by the statutorily-imposed deadline. As a result, this Court lacks subject matter jurisdiction over her claims.

For the reasons set forth above, the Court will grant Defendant's Motion to Dismiss (ECF No. 8). Plaintiff's Complaint will be dismissed for lack of subject matter jurisdiction. The Court will deny as moot Plaintiff's Motion for Extension of Time to File Response (ECF No. 12).[4]

Plaintiff is free to amplify the factual and legal basis on which her claims rest and refile her claim. The Court reminds Plaintiff that although she proceeds *pro se*, she still must comply with this Court's Local Rules. Local Civil Rule 83.1(M) requires that a *pro se* party shall certify in writing and under penalty of perjury that any document filed with the Court has not been prepared by, or with the aid of, an attorney. E.D. Va. Loc. R. 83.1(M). If, however, an attorney has prepared or assisted in preparing the document, the *pro se* party must identify that attorney in the certification. *Id.* Any attorney who prepares a document that is filed for a person who is either known by the attorney, or

---

[4] As noted above, Defendant moved to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and for failure to state a claim. (Def.'s Mem. 1.) In her responsive pleading, Plaintiff offered her rejoinder to Defendant's subject matter jurisdiction argument and asked for a sixty-day extension to respond to Defendant's failure to state a claim argument. (Pl.'s Resp. 1–3.) This Court's lack of subject matter jurisdiction renders any failure to state a claim analysis unnecessary and moots any request for an extension of time to respond to that argument. *See Jones v. Imaginary Images, Inc.*, 2012 WL 3257888, at *6 (E.D. Va. Aug. 8, 2012) (citing *Sucampo Pharms., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 548 (4th Cir. 2006)).

reasonably expected by the attorney, to be proceeding *pro se*, shall be considered to have entered an appearance in the proceeding in which such document is filed and subject to all rules governing attorneys who have formally appeared in the proceeding. *Id.*

Should Plaintiff wish to appeal this Order, written notice of appeal must be filed with the Clerk of Court within thirty (30) days of the date of entry hereof. Failure to file a notice of appeal within that period may result in the loss of the right to appeal.

An appropriate Order will accompany this Memorandum Opinion.

It is so ORDERED.

/s/
Henry E. Hudson
United States District Judge

Date: March 8 2016
Richmond, Virginia